IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERA FREEMAN,

      **Plaintiff,**

    v.                                                                Civ. No. 23-796  KG/JFR

LAVIN TRANS, INC. AND MOHIT MOHIT,

      **Defendants.**

## ORDER ON DEFENDANTS' MOTION
## TO DETERMINE PLAINTIFF'S COMPETENCY

**THIS MATTER** is before the Court on *Defendants Lavin Trans, Inc. and Mohit Mohit's Motion to Determine Plaintiff's Competency* ("Motion") (Doc. 17), filed November 30, 2023. Plaintiff filed a response to the Motion on December 13, 2023 (Doc. 19), and Defendants replied on December 27, 2023 (Doc. 20). The Court held a hearing on the Motion on February 12, 2024, at which counsel and Plaintiff were present. Being familiar with the briefing and having heard the arguments of counsel and testimony of Plaintiff, the Court **GRANTS** the Motion insofar as Defendants seek a judicial determination of Plaintiff's competency. The Court concludes that Plaintiff is competent to proceed in this civil litigation without an appointed representative.

## ANALYSIS

In this lawsuit, Plaintiff alleges she was permanently disfigured and impaired as a result of an automobile collision, allegedly caused by Defendant Mohit who was driving a tractor-trailer for Defendant Lavin Trans, Inc. Plaintiff's complaint sounds in direct negligence and vicarious liability, and seeks damages for, inter alia, physical injuries and resulting medical care and treatment, pain and suffering, lost earnings, emotional distress, and punitive damages. *See generally* Doc. 1-1 ("Complaint for Negligence and Punitive Damages").

Defendants, through their Motion, informed the Court that Plaintiff has been adjudicated incompetent in a criminal proceeding in state court in May 2023 and involuntarily committed for mental health reasons in December 2017.  *See* Doc. 17-1 at 1; Doc. 17-2 at 1.  Defendants argue that this information triggers a duty of the Court under Fed. R. Civ. P. 17 to determine whether Plaintiff has the capacity to bring a civil lawsuit without an appointed representative.  Doc. 17 at 2; *see Hudnall v. Sellner*, 800 F.2d 377, 385 (4th Cir. 1986) ("Rule [17(c)] does not indicate the basis upon which a court determines the predicate fact that a party not already legally adjudicated to be so, is presently 'incompetent.'  Obviously, if there has been a legal adjudication of incompetence and that is brought to the court's attention, the Rule's provision is brought into play." (citing *Zaro v. Stauss*, 167 F.3d 218 (5th Cir. 1948)).  Rule 17(c)(2) provides that "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

"Rule 17(c) flows from the general duty of the court to protect the interests of infants and incompetents in cases before the court."  *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989).  An incompetent person is one "without the capacity to litigate under the law of [her] state of domicile and, hence, under Rule 17(b)."  *Graham v. Teller Cnty.*, 632 F. App'x 461, 465 (10th Cir. 2015).  The test of mental capacity under New Mexico law "is whether a person is capable of understanding in a reasonable manner, the nature and effect of the act in which the person is engaged."  *In re Estate of Head*, 615 P.2d 271, 274 (N.M. Ct. App. 1980).  In New Mexico, "a person is presumed to be competent and the initial burden of proof of incompetency is upon the party challenging competency."  *In re Estate of Taggart*, 619 P.2d 562, 565 (N.M. Ct. App. 1980).  To show the contrary, the burden of proof rests on the person asserting lack of capacity to

establish the same by clear and convincing proof.  *Roybal v. Morris*, 669 P.2d 1100, 1104 (N.M. Ct. App. 1983); *Head*, 615 P.2d at 274.

      Defendants maintain that "it is not [their] position that Plaintiff is incompetent and lacks the capacity to proceed with trial."  Doc. 20 at 1.  They argue that their Motion is brought solely because Plaintiff was deemed incompetent in a state criminal case during the pendency of this lawsuit.  *Id.*  The Court agrees that because this issue has been brought to its attention, it must address it, *see Hudnall*, 800 F.2d at 385, but remains cognizant that as the party raising competency concerns, it is Defendants' burden to rebut the presumption under the law that Plaintiff is competent.  *Roybal*, 669 P.2d at 1104; *Head*, 615 P.2d at 274.  Defendants have failed to do so.

      In support of their Motion, Defendants provide copies of a motion which suggests Plaintiff was involuntarily committed for mental health reasons in 2017, and a separate order dismissing criminal charges without prejudice on grounds of Plaintiff's incompetence.  *See* Docs. 17-1; 17-2.  The Court notes that, in contrast to the standard for civil competence outlined above, the standard for competence in criminal cases in New Mexico is the ability to (1) understand the nature and significance of the proceedings; (2) have a factual understanding of the charges; and (3) be able to assist in her own defense.  *State v. Flores*, 124 P.3d 1175, 1180 (N.M. Ct. App. 2005); *see also State v. Rotherham*, 923 P.2d 1131, 1137 (N.M. 1996).  That is far different from the standard of competence in civil cases, which is essentially whether the person is reasonably capable of understanding the nature and effect of the lawsuit in which the person is engaged.  *Head*, 615 P.2d at 274.  The Court has no hesitation in concluding, after inquiry, that Plaintiff here is competent to prosecute her civil claim without the appointment of a guardian ad litem.

At hearing on February 12, 2024, Plaintiff's appearance and demeanor were at all times appropriate. Plaintiff stated that she understood the nature of the proceedings and answered direct questions from the Court. Plaintiff explained that she is employed, has a stable living situation, and keeps in regular contact with her legal counsel. Plaintiff confirmed that she understands the basis of her lawsuit and that she participated in initial discovery matters with the lawyer who previously worked on her case, and continues to work with her current lawyer. Plaintiff's counsel informed the Court that Plaintiff was just promoted at work and has received a pay raise. The Court invited Defendants' counsel to suggest additional questions or lines of inquiry, but counsel demurred.

This Court has the authority to determine whether Plaintiff is competent for purposes of this litigation. *Bodnar v. Bodnar*, 441 F.2d 1103, 1104 (5th Cir. 1971) (per curium). Based on the foregoing, the Court concludes that Plaintiff here is competent to proceed in this litigation without an appointed representative. Defendants' Motion is therefore **GRANTED** to the extent Defendants have sought a judicial determination of Plaintiff's competency.

IT IS SO ORDERED.

JOHN F. ROBBENHAAR
United States Magistrate Judge